EDWARD B. BLAISDELL *vs.* INHABITANTS OF TOWN OF YORK.

York.    Opinion November 2, 1916.

*Effect of former judgment upon the same facts between the same parties. Plea of former judgment. Res judicata.*

This action of assumpsit is brought to recover of the defendant for certain services alleged to have been performed by the plaintiff. Defendant pleaded a former judgment in bar. The former judgment is the one directed by this court in Blaisdell vs. York, 110 Maine, page 500.

*Held;*

1. It is a fundamental rule of law, that conceding jurisdiction, regularity in proceedings and the absence of fraud, a judgment between the same parties is a final bar to another suit for the same cause of action, and is conclusive not only as to all matters which were tried, but also as to all which might have been tried in the first action.

2. In fact, as appears both by the stipulation and the record, the claim now sued was not only embraced in the former declaration but it was considered, and was decided, adversely to the plaintiff, in the former suit. The claim is res judicata. The suit is barred.

Action of assumpsit to recover for the value of certain labor and materials furnished defendant town. The plaintiff, in his writ, seeks to recover for certain labor and materials which it is admitted were part of a claim or account in another action brought by plaintiff against defendant town, said action or suit being reported in

volume 110, page 500, in which case the claim that is now made was disallowed by the court. Defendant pleaded the general issue and brief statement. Case reported to the Law Court. Judgment for defendant.

The case is stated in the opinion.

*Cleaves, Waterhouse & Emery, Frank D. Marshall and John C. Stewart*, for plaintiff.

*James O. Bradbury, and E. P. Spinney*, for defendants.

SITTING: SAVAGE, C. J., CORNISH, KING, HANSON, PHILBROOK, JJ.

HANSON, J. This action of assumpsit is brought to recover of the defendant for certain services alleged to have been performed for it by the plaintiff. The defendant pleads a former judgment in bar. The former judgment is the one directed by this court in *Blaisdell* v. *York*, 110 Maine, 500. The case comes before us on report.

The parties have stipulated and agreed "that the subject matter claim and entire cause of action as set forth in the said pending writ and declaration . . . is that part of the subject matter claim and cause of action that was set forth and included in the writ and declaration of said Edward B. Blaisdell against the inhabitants of said town of York in his said former action reported to said court . . . upon which opinion was written in said 110 Maine, pages 500 to 522 inclusive, though in different form and phraseology, and consists of the same subject matters, items, charges and amounts which said Blaisdell in said former action sought to recover and which the law court in said former action disallowed as being embraced and falling within the alleged supplemental contract as reported in said *Blaisdell* v. *York*, 110 Maine, 500."

The foregoing stipulation is verified by a comparison of the declarations in the two cases, and an examination of the reported case.

This stipulation squarely brings the case within the doctrine declared in *Corey* v. *Independent Ice Co.*, 106 Maine at p. 494, and *Wilson* v. *Lacroix*, 111 Maine, 324. In the latter case the court used this language: "It is a fundamental rule of law, that con-

ceding· jurisdiction, regularity in proceedings and the absence of
fraud, a judgment between the same parties is a final bar to any
other suit for the same cause of action, and is conclusive not only
as to all matters which were tried, but also as to all which might
have been tried in the first action."

In fact, as appears both by the stipulation and the record, the
claim now sued was not only embraced in the former declaration,
but it was considered, and was decided, adversely to the plaintiff,
in the former suit. The claim is res judicata. The suit is barred.

*Judgment for the defendant.*